IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:23–CR–131 |
| vs. | MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS |
| DEXTER D. HALL, | |
| Defendant. | |

This matter is before the Court on Defendant Dexter D. Hall's Motion to Dismiss the Indictment. Filing 31.[1] The Indictment includes one count alleging that Hall unlawfully possessed ammunition despite knowing that he was a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Filing 1 at 1. Specifically, Count I of the Indictment charges the following:

> On or about February 8, 2023, in the District of Nebraska, Defendant **DEXTER D. HALL,** knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: possession of a controlled substance in Saunders County District Court, Nebraska, (CR18-107) and Possession of a Firearm by a Prohibited Person in Saunders County District Court, Nebraska (CR18-86), knowingly possessed Hornady 50 Caliber BMG Ammunition which had been shipped and transported in interstate commerce.

Filing 1 at 1.

In support of his Motion, Hall filed both a brief and index of evidence. Filing 32; Filing 54. The United States filed a response opposing Hall's Motion to Dismiss. Filing 43. Having considered each of these submissions, other pertinent portions of the record, and the governing law, the Court concludes that Hall's Motion is foreclosed by binding Eighth Circuit precedent. Because this Court is dutybound to apply the controlling law of this Circuit, his Motion is denied.

---

[1] Hall filed his Motion on October 4, 2023. Filing 31. The parties were later granted to leave to submit an index of evidence no later than April 23, 2024, at which point the matter would be deemed submitted. Filing 53 (Text Minute Entry). Hall filed his index of evidence on April 15, 2024. Filing 54. The Government did not submit any evidentiary materials.

1

I. BACKGROUND

According to Hall's own brief, police reports state that on February 8, 2023, "Hall entered a pawn shop in Lincoln, Nebraska and sold a box of ten round of Hornady .50-caliber ammunition for $30." Filing 32 at 2. Hall's brief also states, "[v]ideos of the sale show Mr. Hall providing the pawn-shop employee with a copy of his driver's license and agreeing to have his photo and fingerprint taken." Filing 32 at 2. There is no dispute that Hall was a convicted felon at the time he allegedly possessed this ammunition. Filing 32 at 2. A few months later, on June 13, 2023, a Grand Jury returned a single-count Indictment against Hall for being a felon in possession of ammunition as prohibited by 18 U.S.C. § 922(g)(1). Filing 1.

II. ANALYSIS

Relying principally on the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), Hall argues that "the Government cannot demonstrate that prohibiting such conduct is consistent with the Nation's historical tradition of firearm regulation," therefore, his "possession of ammunition is protected by the Second Amendment and the Indictment must be dismissed." Filing 32 at 1. However, Hall's counsel has no choice but to concede that "[t]he Eighth Circuit has held that § 922(g)(1) is constitutional under *Bruen* because it comports with the history and tradition of firearm regulation in the United States." Filing 32 at 4 (citing *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023)). In *Jackson*, the Eighth Circuit concluded that § 922(g)(1) was constitutional and "there is no need for felony-by-felony litigation" regarding its constitutionality. *Jackson*, 69 F.4th at 502.[2] Hall's counsel acknowledges that

---

[2] Hall notes in his brief that although the petition for an en banc rehearing in *Jackson* was denied, several Eighth Circuit Judges dissented and would have taken the case up en banc. Filing 32 at 4 (citing *United States v. Jackson*, 85 F.4th 468 (8th Cir. 2023)).

*Jackson* is "binding on this court"—at least for the time being. Filing 32 at 5. He also admits that his Motion has not been filed for the purposes of obtaining the relief he seeks from his Court, but rather "to preserve this issue for further review." Filing 32 at 5. Indeed, since *Jackson* was conclusively decided the Eighth Circuit has continued to adhere to its holding. *See e.g.*, United States Cunningham, 70 F.4th 502, 506 (8th Cir. 2023) (reiterating "that there is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant" and that the "district court properly denied the motion to dismiss").[3] Most recently, on April 18, 2024, the Eighth Circuit considered an appellant's attempt to distinguish *Jackson* "on the basis that he was convicted of being a felon in possession of ammunition as opposed to being a felon in possession of a firearm." United States v. Cameron, No. 23-2839, 2024 WL 1667943, at *2 (8th Cir. Apr. 18, 2024). Although it was reviewing for plain error, the Eighth Circuit rejected this argument, noting "that the right to possess a firearm implicates a corresponding right to possess the ammunition necessary to use it" and that "*Bruen* did not differentiate between regulations governing ammunition and regulations governing the firearms themselves." Id. The Eighth Circuit then concluded, "[g]iven the coextensive nature of these rights we discern no plain error." Id.

    Like the defendant in *Cameron*, Hall is also charged with being a felon in possession of ammunition rather than being a felon in possession of a firearm. However, both acts are proscribed under the same criminal statute—18 U.S.C. § 922(g)(1). In *Jackson*, the Eighth Circuit did not state there is no need for felony-by-felony litigation regarding the constitutionality of criminal statutes proscribing felons from possessing "firearms" specifically. *See* Jackson, 69 F.4th at 502.

---

[3] *See also* United States v. Doss, No. 22-3662, 2023 WL 8299064, at *1 (8th Cir. Dec. 1, 2023) (per curiam) (recognizing that "the law in this area is still in flux" but that the Eighth Circuit had already rejected Second Amendment challenges to § 922(g)(1) "in two recent cases"); United States v. Bull, No. 22-2417, 2024 WL 378006, at *3 (8th Cir. Feb. 1, 2024) (per curiam) ("we have already held that § 922(g)(1) is constitutional").

Rather, *Jackson* said, "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *Id.* (emphasis added). Moreover, even though the Court in *Cameron* was reviewing for plain error, nothing in that opinion suggests the defendant's attempt to distinguish *Jackson* would have been successful if only he had first raised such a challenge with the district court. Accordingly, the *Cameron* case does not advance Hall's constitutional argument.

These Eighth Circuit rulings resolve the matter as far as this Court is concerned. *See Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 136 (2023) ("[A] lower court should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions. This is true even if the lower court thinks the precedent is in tension with some other line of decisions" (internal quotation marks and citations omitted)); *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) (noting that a district court located within the Eighth Circuit is "bound . . . to apply the precedent of this Circuit"). Again, even Hall admits that this Court cannot grant him the relief he seeks consistent with the law that controls this issue. *See* Filing 32 at 5. The Court will not commit "fundamental error" by dismissing the Indictment on grounds the Eighth Circuit has expressly, repeatedly, and recently said do not warrant dismissal. *See M.M. ex rel. L.R. v. Special Sch. Dist. No. 1*, 512 F.3d 455, 459 (8th Cir. 2008) (describing the district court's failure to follow Eighth Circuit precedent as "fundamental error").

### III. CONCLUSION

For the reasons explained above, Hall's Second Amendment challenge is foreclosed by binding precedent. Accordingly,

IT IS ORDERED: Hall's Motion to Dismiss, Filing 31, is denied.

Dated this 24th day of April, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

5